AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under **JUDGE KATHLEEN CARDON**

# UNITED STATES DISTRICT COURT

WESTERN

for the *DISTRICT OF TEXAS*
AUSTIN DIVISION

)
)
)
)
)
ALBERTO GARCIA
*Petitioner*
)
)
)
v.
)       Case No. _____
PETERS, DIRECTOR OF B.O.P.,
GERALDO ROSALES, WARDEN, FCI
BASTROP
)                *(Supplied by Clerk of Court)*
)
)       **EP24CV0305**
)

*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:     *ALBERTO  GARCIA*
    (b) Other names you have used:
2.  Place of confinement:
    (a) Name of institution:     *FCI BASTROP*
    (b) Address:     *P.O. BOX 1010  BASTROP, TX  78602*

    (c) Your identification number:     *BOP # 44033- 480*
3.  Are you currently being held on orders by:
    ☑ Federal authorities       ☐ State authorities       ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:     *U.S. DISTRICT COURT, WESTERN DISTRICT*
    *OF TEXAS, EL PASO DIV, 525 MAGOFFIN AVE, EL PASO, TX 79901*
    (b) Docket number of criminal case:     *3-19-CR - 4177 - DB(1)*
    (c) Date of sentencing:     *08/12/2020*
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
    revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☑ Other *(explain):*  I am challenging my conviction under 18 U.S.C. § 924(C)(1)(A) Actual INNOcence and wrongful conviction

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:  USDC WD of TX EL PASO DIVISION 525 MAGOFFIN AVE, EL PASO

(b) Docket number, case number, or opinion number:  EP-19-CR-4177-DB-1

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

(d) Date of the decision or action:  03/07/2023

### Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not appeal:  Because the 5th CIRCUIT C.A. would not authorize a SECOND OR SUCCESSIVE 28 USC SECTION 2255

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes          ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: *U.S. D.C. WESTERN DISTRICT TX EL PASO DIV.*

(2) Case number: *EP -23-CV*

(3) Date of filing: *02/01/2023*

(4) Result: *DISMISSED AS TIME BARRED*

(5) Date of result: *03/07/2023*

(6) Issues raised: *DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL*
*PETITIONER DID NOT USE A FIREARM WITHIN THE MEANING OF 18 USC*
*§924(C)(1)(A) WHEN HE TRADED NARCOTICS TO OBTAIN GUN*
   *ACTUAL INNOCENCE OF USE A WEAPON DURING A DRUG TRAFFICKING*
*CRIME AND WRONGFUL     CONVICTION*

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
sentence?

☐ Yes          ☒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence: *Because the 5th CIRCUIT C.A. Will Not*
*grant Me permission to file a second or successive*
*Section 2255 motion to challenge my 18 usc sec*
*924(c) conviction.*

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☐ No

If "Yes," provide:

(a) Date you were taken into immigration custody:

(b) Date of the removal or reinstatement order:

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: PETITIONER DID NOT USE A FIREARM WITHIN THE MEANING OF 18USC § 924(C)(1)(A)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

SEE ATTACHED MEMORANDUM IN SUPPORT OF GROUND ONE

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes     ☒ No

### GROUND TWO:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes     ☐ No

### GROUND THREE:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes     ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do:   I am requesting that my conviction and sentence be vacated based on the facts that I was wrongfully convicted and sentence where the record will demonstrate that I am ACTUAL INNOCENCE.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:   7 - 30 - 24

_Signature of Petitioner_

IN PRO/SE
_Signature of Attorney or other authorized person, if any_

## MEMORANDUM IN SUPPORT OF GROUND ONE

I.   POTENTIONER DID NOT USE A FIREARM WITHIN THE MEANING OF 18 U.S.C.
§ 924 (c)(1)(A) WHEN HE TRADED NARCOTICS TO OBTAIN A GUN.

In the case at bar, Garcia argues that he never uses a gun within the meaning of Section 924 (c)(1) which sets a mandatory minimum sentence of 60 months consecutive to his drug offense.

Garcia submits that based on the facts of his case he has an Actual Innocence and Wrongful Conviction under his Count 3, of the Indictment.

The record will demonstrate that Garcia was trading a controlled substance for a firearm, the defendant never used a firearm during and in relation to any drug trafficking crime. Garcia respectfully submits that pursuant to WATSON V. UNITED STATES, 128 S.C.T. 579 (2007), the question of whether a person who trades his drugs for a gun "uses" a firearm "during and in relation to a drug trafficking crime within the meaning of 18 USC 924 (c)(1)(A), see Watson v. U.S. 552 u.s 745.

In support of his acquisitions that Petitioner never used a firearm during and in relation to a drug trafficking crime, to have been subjected to a 5 year mandatory minimum term of imprisonment consecutive to his Instant offense of P.W.I.D., 500 grams or more of cocaine violation of 21 USC § 841(b)(1)(B).

The United States Supreme Court has clearly held under WATSON V. UNITED STATES, 128 S.C.T. 579 (2007) cita as 552 u.s._____ (2007)

A PERSON DOES NOT "USE" A FIREARM UNDER 18 U.S.C. § 924(c)(1)(A) WHEN HE RECEIVES IT IN TRADE FOR DRUGS.

In the case at bar, when Garcia handed over the drugs for the weapons/firearms, the government officer/CI, "used" the firearm to get the drugs.

The facts of this case are part of the record. Those facts and the evidence can not be disputed. Counsel of Record has a duty to investigate this case because the Supreme Court has already spoken on this issue of a barter transaction.

Counsel of Record had case law authority from the U.S. Supreme Court at the time of the instant offense challenged the § 924(c)(1)(A) 5 year mandatory minimum because when law enforcement arrested Garcia they were providing the weapon in exchange for drugs. c.f. United States v. Stewart, 246 F. 3d 728, 731 (C.A.D.C. 2001).

CONCLUSION

Garcia, because of ineffective assistance pleaded guilty to a CT(3) 18 USC § 924 (c)(1)(A) crime of which he is actual innocence, because pursuant to Watson v U.S., 552 u.s. (2007) when a person who trades his drugs for a gun, he does not trigger the offense conduct of use a firearm "during and in relation to a drug trafficking crime" within the meaning of 18 usc § 924 (c)(1)(A).

Therefore, he is illegally convicted and sentenced to a 5 year Mandatory Minimum Under 18 U.S.C. § 924 (c)(1)(A).

Date  7-30-24

Alberto Garcia
FCI Bastrop
P.O. BOX 1010
TX, 78602

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-
ments must be submitted with this appeal.

From: __GArciA   AlbarTo__   __44/033480__   __TrAVis__   __FCI BAstrop__
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

Im Requesting to be Relersed because IM innocent
of the crime I did not commit of use And Carrie
of A Fire Arm during the commission of drug trafficing

bP-11

__5-7-24__
DATE

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

Sent on 6-20-24.
Returned
And Recent on 7-18-24
NO Replies for since then
So Considering As A Rejection

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: __1193111-R1__

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____   _____   _____   _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

Regional Administrative Remedy Appeal No. 1193111-R1
Part B - Response

This is in response to your Regional Administrative Remedy
Appeal receipted on April 16, 2024. You are appealing the
Warden's response to your request for eligibility for First Step
Act Time Credits (FTCs) under the First Step Act of 2018 (FSA).

We have thoroughly reviewed your appeal and find the Warden
appropriately addressed your concerns. You are currently serving
an aggregated 120-month sentence for 21 U.S.C § 841, Conspiracy to
Possess w/Intent to Distribute a Controlled Substance, To-Wit 500
Grams or more of Cocaine, and 18 U.S.C § 924(c), Possession of a
Firearm in Furtherance of a Drug Trafficking Crime. In accordance
with Program Statement 5880.28, Sentence Computation Manual (CCCA
of 1984), each count of conviction has been aggregated into a
single sentence. Due to your current conviction under Section
924(c), you are ineligible to receive FTCs, as the FSA
specifically lists Section 924(c) as an ineligible offense.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, N.W., Washington, D.C. 20534.  Your appeal
must be received in that office within 30 days from the date of
this response.

MAY 0 7 2024

_____          _____
Date                             M. Heriberto H. Tellez
                                 Regional Director

$Bp/0$

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal

From: _Garcia A Alberto_ _44033480_ _Trans_ _Bishop FCI_
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**

IM Requesting to be released because Im innocent of the crime I did not commit of use And Carrie A Fine Arm during the commission of drug trafficing    and Apply FSA credits.

Also I have already Applied For Compassionate Reflease

_4-6-24_
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED    $Bp \, 1^0$

APR 1 6 2024

BUREAU OF PRISONS
LEGAL DEPARTMENT, SCRO

DATE                                    REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
FIRST COPY: REGIONAL FILE COPY                    CASE NUMBER: _1193111-R1_

**Part C - RECEIPT**                                CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
UPN LVN

**Response to Request for Administrative Remedy**
**Remedy I.D.** |\53 ||| -R|

This is in response to your Request for Administrative Remedy
received March 12, 2024, wherein you indicated that you are
requesting the Warden to release you because you are innocent of
a crime you did not commit.  You also indicated that an
acceptable resolution would be that you are released.

A review of this matter indicates you were convicted by the
Western District Court of Texas for Conspiracy to Possess with
Intent to Distribute a Controlled Substance, 500 Grams or More
of Cocaine and Possession of Firearm in Furtherance of Drug
Trafficking Crime.  Initially, you were sentenced to 60 months
on Count 1, and it was reduced from 60 months to 37 months;
therefore, adjusting your term of incarceration to 97
months.  Specifically, you may request for consideration of
Compassionate Release/Reduction of Sentence to determine if you
meet the extraordinary or compelling reasons for relief through
your assigned case manager or you can file the necessary
paperwork with your sentencing court to address this matter.

This response is for informational purposes only.

If dissatisfied with this response, you may appeal to the
Regional Director at 344 Marine Forces Drive, Grand Prairie,
Texas 75051.  Your appeal must be received in the Regional
Office within 20 calendar days of the date of this response.


_____                    03/22/2024
G. Rosalez, Warden                          Date


BP 9

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __GARCIA Albert__    44033480   TAVIS /01   Bastrop FCI

LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

Requesting to Warden to be Released because Im innocent of the crime I did not commit of use and carrie A Fire Arm during. The commission of drug trafficing

I need to be Released.

__3-12-24__
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

BP 9

_____
DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**     CASE NUMBER: __115311-F1__

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN     PRINTED ON RECYCLED PAPER

BP–229(13)
APRIL 1982

BP-8

**Request for Administrative Remedy - <u>Attempt at Informal Resolution</u>**

**FCI Bastrop, Texas**

Date Delivered to Inmate: <u>2-29-2024</u>    By: <u>R. PRATZ</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bureau of Prisons Program Statement 1330.7 requires that "before an inmate seeks formal review of a complaint (with BP-9) he/she must try to resolve the complaint informally by presenting it to a staff member". Also, the staff member must try to resolve the complaint informally before the inmate will be given a BP-9 form.

1.    WRITE YOUR COMPLAINT IN THIS SPACE, AS BRIEFLY AS POSSIBLE, INCLUDING DETAILS AND FACTS WHICH SUPPORT YOUR REQUEST,

Requesting to warden to Release me be cause im innocent of the A Crime I did not Commit. of Use And carrie A Fire Arm during the commission of drug traffing

2.    WHAT ACTION DO YOU WISH TO BE TAKEN TO CORRECT THE SITUATION?

I used to be Released.

2.    WHAT HAVE YOU DONE TO INFORMALLY RESOLVE THIS MATTER?  TO WHOM HAVE YOU SPOKEN?  W. H   m S. Bilser  And  Me Pratz

3.    _____

NAME:  GARCIA, ALBERTO    REG. NO: <u>44033-480</u>

UNIT :  <u>TRAVIS</u>    DATE:<u>2-29-2024</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Date Informal Submitted to Staff: <u>3-1-24</u>    Submitted To: <u>Usw Bullinar</u>

The unit staff member who has attempted to resolve the matter will indicate below the efforts made towards

resolution.  Be specific, but brief: Please see attached document.

_____

_____

RESPONDED TO BY: G. Bullner    Alexballw    DATE:    3-12-24

REVIEWED BY UNIT MANAGER:_____    DATE:  3-12-2024

**RESPONSE TO BP-8**
**INMATE: Garcia, Alberto**
**REGISTER NO: 44033-480**
**INSTITUTION: FCI BASTROP, TEXAS**


This is in response to your Request for Administrative Remedy
that was received on March 1, 2024, wherein you indicated that
you are requesting the Warden to release you because you are
innocent of a crime you did not commit. You also indicated that
an acceptable resolution would be that you are released.

You were convicted by the Western District Court of Texas for
Conspiracy to Possess with Intent to Distribute a Controlled
Substance, 500 Grams or More of Cocaine and Possession of
Firearm in Furtherance of Drug Trafficking Crime. Initially,
you were sentenced to 60 months on Count 1, and it was reduced
from 60 months to 37 months; therefore, adjusting your term of
incarceration to 97 months. You need to file the necessary
paperwork with your sentencing court to address this matter.

I trust this has addressed your concerns. If you are not
satisfied with this response, you may further utilize the
Administrative Remedy process.

G. Bulliner, Case Manager

3-12-24
Date

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **ALBERTO GARCIA,** | § |
| **Reg. No. 44033-480,** | § |
| **Movant,** | § |
| | § |
| | § **EP-23-CV-88-DB** |
| **v.** | § **EP-19-CR-4177-DB-1** |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| **Respondent.** | § |

## MEMORANDUM OPINION AND ORDER

Alberto Garcia challenges his 97-month sentence through a motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 219.¹ His motion is denied as untimely. *See* 28 U.S.C. § 2255(f).

## BACKGROUND AND PROCEDURAL HISTORY

Garcia is a 44-year-old prisoner serving a 37-month sentence for conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii) (Count One), and a consecutive 60-month sentence for possession of a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)² (Count Three). Am. J. Crim. Case, ECF No. 198. He is currently confined at the Federal Correctional Institution in Bastrop, Texas. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. No. 44033-480, last visited Mar. 24, 2023). His projected release date is December 25, 2026. *Id.*

In February of 2019, federal agents identified Garcia as a firearms trafficker. Plea Agreement, ECF No. 51 at 11. They arranged to deliver a .50 caliber rifle to him in exchange for one kilogram of cocaine

---

¹ "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in EP-19-CR-4177-DB-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

² *See* 18 U.S.C. § 924(c)(1)(A) ("[A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such *crime*, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]").

on December 12, 2019. *Id.* They took Garcia into their custody shortly after the gun-for-drugs exchange

occurred. *Id.*

In his plea agreement with the Government, Garcia claimed he understood the maximum

punishment he faced included a consecutive five-year term for possession of a firearm in the furtherance

of a drug trafficking crime:

> The Defendant understands that the range of punishment for Count One is a term of
> imprisonment which may not be less than five (5) years and not more than forty (40) years,
> a fine not to exceed $5,000,000, a term of supervised release of at least four (4) years, and
> a $100 special assessment.
>
> The Defendant understands that the range of punishment for Count Three is a term of
> imprisonment of a minimum of five (5) years consecutive, a fine not to exceed $250,000,
> a term of supervised release not more than three years, and a $100 special assessment.

Plea Agreement, ECF No. 51 at 2. At his plea hearing, Garcia was advised of the maximum sentence he

could receive:

> THE COURT: . . . The penalty range in Count 1 is a minimum term of
> imprisonment of 5 years and a maximum term of 40 years. A fine of up to $5 million up to
> -- I'm sorry, at least 40 years of supervised release and a $100 special assessment.
>
> Now the penalty range for Count 3 is a minimum consecutive five-year
> imprisonment term, consecutive to the punishment that would be imposed in Count 1, a
> fine of up to $250,000, up to three years of supervised release and a $100 special
> assessment. So just to be clear, the imprisonment range for Count 3 is a consecutive term
> of a minimum of five years added to the imprisonment term imposed for Count 1.
>
> Counsel did I accurately recite the ranges of punishment? Mr. Ortega?
>
> MR. ORTEGA: Yes, Your Honor.
>
> THE COURT: Mr. Lerma?
>
> MR. LERMA: Yes, Your Honor.

Plea Tr., ECF No. 213 at 12:22–13:13. Garcia also agreed with the factual summary presented by the

Government. *Id.* at 15:10–18:5.

2

Garcia was sentenced on August 13, 2020, to 60 months' imprisonment on Count One followed by a consecutive sentence of 60 months' imprisonment as to Count Three. J. Crim. Case, ECF No. 89 at 2. He did not appeal. His sentence was reduced on the Government's motion approximately 17 months later on January 21, 2022, to 37 months' imprisonment on Count One followed by a consecutive sentence of 60 months' imprisonment on Count Three. Am. J. Crim. Case, ECF No. 198 at 2.

In Garcia's *pro se* § 2255 motion—which he signed and presumably mailed on February 1, 2023—he alleges his trial counsel provided ineffective assistance when he failed to (1) advise [Garcia] of the maximum sentence he could receive, (2) investigate the case, and (3) challenge the factual basis for the Count Three conviction. Mot. to Vacate, ECF No. 219 at 4, 12. He further admits he traded narcotics for the firearm, but he claims he never used the gun within the meaning of 18 U.S.C. § 924(c)(1)(A).[3] *Id.* He asks the Court to vacate his Count Three conviction. *Id.* at 12.

## APPLICABLE LAW

A § 2255 motion is subject to a one-year limitations period. 28 U.S.C. § 2255(f). A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the movant could have discovered, through due diligence, the factual predicate for the motion. *Id.*

The one-year limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But equitable tolling is not available for " 'garden variety claims of excusable neglect.' " *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It "is permitted only 'in rare and exceptional

---

[3] *See Smith v. United States*, 508 U.S. 223, 225 (1993) (holding "the exchange of a gun for narcotics constitutes 'use' of a firearm 'during and in relation to . . . [a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1).").

3

circumstances.' " *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations in which a movant is actively misled by the respondent " 'or is prevented in some extraordinary way from asserting his rights.' " *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)). Further, " '[e]quity is not intended for those who sleep on their rights.' " *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' " *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)). Moreover, a movant has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). To satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion. *Cousin*, 310 F.3d at 848.

## ANALYSIS

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003). A judgment becomes final when the applicable period for seeking direct review expires. *Clay*, 537 U.S. 522 at 525; *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Additionally, " '[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment.' " *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (quoting *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001)).

4

Garcia's final judgment was entered on August 13, 2020. J. Crim. Case, ECF No. 89. He did not appeal. As a result, his conviction became final on August 27, 2020, the last day he could have appealed to the Fifth Circuit Court of Appeals. Mot. to Vacate, ECF No. 219 at 12; *see* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted). Consequently, Garcia's time for filing a § 2255 motion within one year after his conviction became final expired one year later on August 27, 2021.

Garcia constructively filed his motion on February 1, 2023, the day he signed and presumably placed it in the prison mail system. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (explaining a *pro se* prisoner's habeas corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). Hence, he filed it more than two years and five months beyond the limitations period, and it is time barred unless some other statutory provision or equitable tolling applies.

Garcia did not suggest in his § 2255 motion that a government-created impediment prevented him from timely filing his motion. 28 U.S.C. § 2255(f)(2). He did not assert that his motion was timely because the Supreme Court initially recognized the legal predicate for his motion and made it retroactively applicable to cases on collateral review within the past year. *Id.* § 2255(f)(3). He did not claim that he recently discovered the factual predicate for his § 2255 motion. *Id.* § 2255(f)(4).

The Court accordingly concluded after completing a preliminary review that Garcia's motion was time barred unless equitable tolling applied. Order, ECF No. 221 at 6.

5

To qualify for equitable tolling, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam) (citation omitted).

Garcia did not identify any external factors beyond his control in his motion which caused his delay. And Garcia fell far short of exhibiting reasonable diligence in challenging his sentence. In sum, Garcia did not show in his motion "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2255 motion. *Lawrence*, 549 U.S. at 336.

As a result, when the Court initially screened Garcia's § 2255 motion, it made a preliminary determination that it was time barred and that Garcia was not entitled to equitable tolling. Order, ECF No. 221 at 6.

Although the statute of limitations is typically considered an affirmative defense, a district court may raise the defense on its own motion and dismiss a § 2255 motion prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Cf. Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a motion as untimely on its own initiative, however, only after it gives fair notice to the movant and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Accordingly, the Court ordered Garcia to show cause why it should not dismiss his § 2255 motion as time barred. Order, ECF No. 221 at 6.

In his response to the order to show cause, Garcia maintains the amended judgment, entered on January 21, 2022, re-started the one-year limitations period. Resp., ECF No. 224 at 1. But the Court has already observed " '[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a

6

sentence does not affect the finality of a criminal judgment.' " *See* Order, ECF No. 221 at 4 (quoting *Olvera*, 775 F.3d at 729) (quoting *Sanders*, 247 F.3d at 143)). Consequently, Garcia's time for filing a § 2255 motion within one year after his conviction became final expired on August 27, 2021.

Garcia reports his wife hired a lawyer on May 19, 2022, to prepare a § 2255 motion. Resp., ECF No. 224 at 2 (emphasis added). He avers his attorney "failed to perform or render[ ] the services he agreed to deliver[ ]." *Id.* He adds by the time he attempted to recover his money, "the one year to file a timely section 2255" had passed. *Id.* He then claims he hired a second attorney who "ignored his requests to file [his] section 2255 motion." *Id.* He contends "both of these attorneys [took] my wife's money and did nothing." *Id.* He complains his "wife was left homeless" and they lost all of their assets. *Id.* at 4. He argues he is entitled to equitable tolling for these reasons.

"[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002). However, "[a]n attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

Assuming Garcia's counsel intentionally deceived him, the misconduct—according to Garcia's own words—occurred after May 19, 2022, which was well after the limitations expired on August 27, 2021. Resp., ECF No. 224 at 2. As a result, the alleged misconduct of his counsel could not equitably toll the already expired limitations period. *See United States v. McNeil*, 451 F. App'x 694, 694–95 (9th Cir. 2011) ("McNeil is not entitled to tolling, because the period that he claims should be tolled occurred after the statute of limitations period had run."); *Holland v. Fla.*, 539 F.3d 1334, 1340 (11th Cir. 2008), *rev'd*, 560 U.S. 631 (2010)) ("Petitioner cannot reasonably argue that the incidents to which he draws our attention—both occurring after the limitations period had run—prevented him from filing a federal habeas petition timely.").

7

Garcia also asserts a government-created impediment prevented him from timely filing his motion. Resp., ECF No. 224 at 3 (citing 28 U.S.C. § 2255(f)(2)). Specifically, he complains the Bureau of Prisons placed the entire inmate population "on total lockdown" due to the COVID-19 pandemic and he could not obtain the legal materials he needed to help prepare his motion. *Id.* He also claims he transferred to the West Texas Detention facility, and he did not have access to a law library upon his arrival. *Id.*

To be sure, a movant has, on occasion, established a lack of access to certain legal resources—including a law library—constitutes a government-induced impediment under § 2255(f)(2) (or under 28 U.S.C. § 2244(d)(1)(B), the § 2244 counterpart to § 2255(f)(2)). *See, e.g., Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003) ("[A] state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement . . . constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)."). But to invoke § 2255(f)(2), a movant must " 'show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law.' " *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (quoting *Egerton*, 334 F.3d at 436). Thus, a movant must allege more than the law library was inadequate. "[T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting there is no "abstract, freestanding right to a law library or legal assistance"). Indeed, a movant "must . . . show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition" *Krause*, 637 F.3d at 561 (emphasis in original); *see also Felder v. Johnson*, 204 F.3d 168, 171 n.9 (5th Cir. 2000) (holding that where a prisoner filed his habeas petition before he had access to the Antiterrorism and Effective Death Penalty Act (AEDPA), the lack of access did not prevent him from filing an application).

As an initial matter, Garcia's offers no details of any delays that he personally experienced due to COVID-19 restrictions. His conclusory statement that the entire inmate population was "on total

8

lockdown" due to the COVID-19 pandemic—and that he could not obtain the legal materials he needed to help prepare his motion—is hardly sufficient to demonstrate he was prevented from filing a timely § 2255 petition. *See United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (explaining a "conclusory statement . . . is insufficient to state a constitutional claim") (citing *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979)).

Additionally, "the COVID-19 pandemic [was] clearly not an 'impediment to making a motion *created by government action.*' " *United States v. Leggio*, No. CR 3:17-41, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021) (quoting 28 U.S.C. § 2255(f)(2)) (emphasis added). "[T]he closure of law libraries and other similar restrictions due to the COVID-19 pandemic were actions taken by the Bureau of Prisons for the health and safety of inmates and staff during a global health crisis," not to deny inmates access to the courts. *United States v. Latin*, No. CR 17-00514 JMS (03), 2022 WL 676670, at *4 (D. Haw. Mar. 7, 2022). These "steps taken in the interest of health and safety [were not] government-induced impediments" to filing a motion. *Caraballo v. United States*, No. 10-CR-392-6 (CS), 2021 WL 1062036, at *2 (S.D.N.Y. Mar. 19, 2021). Additionally, an institutional lockdown alone is simply not a rare and exceptional circumstance which warrants equitable tolling. *See Lewis*, 518 U.S. at 362 ("[L]ockdown prisoners routinely experience delays in receiving legal materials or legal assistance . . . but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury."). Moreover, an institutional lockdown when combined with a § 2255 petitioner who fails to provide evidence that he has pursued his rights diligently will clearly not warrant equitable tolling. *Lawrence*, 549 U.S. at 336.

Finally, "[t]ransfers to other facilities resulting in separation from legal papers are not rare and extraordinary and do not warrant equitable tolling." *United States v. Cockerham*, No. SA-12-CA-714-

9

WRF, 2012 WL 12867870, at \*2 (W.D. Tex. Aug. 27, 2012) (citing *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007).

Even under liberal construction, Garcia's pleadings do not suggest that "rare and exceptional circumstances" prevented him from submitting his § 2255 motion within the one-year limitations period. His extended periods of inactivity clearly indicate a lack of due diligence. *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights."). He has simply not pursued the habeas "process with diligence and alacrity." *Phillips*, 216 F.3d at 511 (5th Cir. 2000).

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Garcia's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255

10

proceedings). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Garcia's claims on procedural grounds. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Garcia's claims are time barred and that he is not entitled to equitable tolling. The Court further concludes that Garcia is also not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Garcia's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 219) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Garcia is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

**SIGNED** this **27** day of March 2023.

**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ALBERTO GARCIA,** | § | |
| **Reg. No. 44033-480,** | § | |
| **Movant,** | § | |
| | § | **EP-23-CV-88-DB** |
| **v.** | § | **EP-19-CR-4177-DB-1** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### FINAL JUDGMENT

In accordance with the Memorandum Opinion and Order signed on this date, the Court enters its

Final Judgment, pursuant to Federal Rule of Civil Procedure 58, as follows:

**IT IS ORDERED** that Alberto Garcia's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody" (ECF No. 219) is **DENIED**, and his civil cause is

**DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Alberto Garcia is **DENIED a CERTIFICATE OF**

**APPEALABILITY.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this _28th_ day of March 2023.

**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

D 1

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| **Alberto Garcia** | ) Case No: 3:19CR04177DB-001 |
| | ) USM No: 44033-480 |

| | | |
|---|---|---|
| Date of Original Judgment: | 08/12/2020 | |
| Date of Previous Amended Judgment: | 01/21/2022 | Edgar H. Holguin |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☐ the defendant ☐ the Director of the Bureau of Prisons ☑ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
          ☑DENIED.   ☐GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated     01/21/2022     shall remain in effect.
**IT IS SO ORDERED.**

Order Date:      3-21-2024

_____
*Judge's signature*

Effective Date: _____
          *(if different from order date)*

David Briones, Senior U.S. District Judge
_____
*Printed name and title*

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1.  **Who Should Use This Form**.  You should use this form if
    - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
    - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
    - you are alleging that you are illegally detained in immigration custody.

2.  **Who Should Not Use This Form**.  You should not use this form if
    - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
    - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
    - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3.  **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

4.  **Answer all the questions.**  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

5.  **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6.  **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7.  **Submitting Documents to the Court**.  Mail your petition and _____ copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8.  **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.